**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN CALIXTE MERTILUS,<br>Petitioner,<br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcements; TODD BLANCHE, Attorney General of the United States, U.S. Department of Justice,<br>Respondents. | Case No.: 3:26-cv-05035-BTM-MMP<br><br>**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Jean Calixte Mertilus petitioned the Court for the writ of habeas corpus on August 18, 2026. (ECF No. 1.) He claims that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (*Id.* ¶¶ 52–58.) The Government states the Petitioner was "previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)," and that it has "insufficient information

regarding termination of that parole." (ECF No. 4, at 2.) The Government acknowledges that this Court has granted petitions with similar facts and legal issues. (*Id.*) It "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 3.) The Court ordered the Government to file an additional response stating whether the Petitioner will be a danger to the community if released. (ECF No. 7.) In response, the Government stated that its counsel is "not aware of Petitioner having any criminal history and any factual basis for such concerns." (ECF No. 9.)

Accordingly, the Court grants the petition on the Petitioner's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk. Thus, the writ must issue to release him from custody. Should the Government attempt to revoke the Petitioner's parole and redetain him, it must do so in a manner that respects his Due Process rights. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2); *see also* *Mendez-Ramirez v. Casey*, No. 26-cv-4513, ECF No. 14, at 2 (S.D. Cal. Sept. 21, 2026).

//

//

//

//

//

//

//

//

//

//

The petition for a writ of habeas corpus is **GRANTED** on the Petitioner's second claim and the writ is **ISSUED**. The Government shall immediately release Mertilus from custody on any preexisting conditions. The Government shall give him directions for reporting. The parties shall file a joint statement as to the satisfaction of the writ by September 23, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on other grounds, the Court declines to reach the merits of the Petitioner's Administrative Procedure Act claim. Count One of the petition is **DISMISSED** without prejudice.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: September 22, 2026

Honorable Barry Ted Moskowitz
United States District Judge